W. W. KUNKEL and George F. Hubert, Copartners Doing Business under the Firm Name of Kunkel & Hubert, Respondents, v. DAVID McLEOD, Sr., Appellant.

(172 N. W. 811.)

Contracts.

In an action to recover upon a verbal contract for drilling a certain well for

the defendant upon his premises, the plaintiff had judgment. The record presents no error and the judgment is affirmed.

Opinion filed April 22, 1919.

Appeal from the District Court of Billings County, *Crawford,* J. Verdict, for plaintiffs and defendant appeals.
Affirmed.

*H. A. Mackoff* and *E. T. Burke,* for appellant.

*W. J. Ray* and *T. F. Murtha,* for respondents.

"The defendant cannot raise the question of law for the first time in the supreme court." De Lendrecie v. Peck, 1 N. D. 422, 48 N. W. 342; Stall v. Davis, 26 N. D. 373 (see especially syl. 3); Barnum v. Land Co. (S. D.) 147 N. W. 647; McNab v. Northern P. R. Co. (N. D.) 98 N. W. 353; 3 C. J. 689, 894 et seq; Stover v. Stevens (Cal.) 131 Pac. 332; Scott v. State, 37 N. D. 90; American Case & Register Co. v. Boyd, 22 N. D. 166; Massett v. Schaffner, 31 N. D. 579; Swords v. McDonnell, 31 N. D. 494; Minneapolis, St. P. & S. Ste. M. R. Co. v. Stutsman, 31 N. D. 597; Mfg. Co. v. Kitts, 18 N. D. 556; Cochrane v. Elevator, 20 N. D. 169, syl. 3, 8; Kephart v. Casualty Co. 17 N. D. 380, syl. 7; Colby v. McDermott, 6 N. D. 495; Baskerville v. Thomas (S. D.) 143 N. W. 371; Markus v. Paulson (S. D.) 158 N. W. 406; McClain v. Nurnberg, 16 N. D. 144; 2d Decn. Dig. vol. 1, Appeal & Error, § 197 (3); Specifications of Error should be served with notice of appeal  N. D. Comp. Laws, § 7656; Realty Co. v. Robinson (Okla.) 136 Pac. 585.

GRACE, J. Appeal from a judgment of the district court of Billings county, W. C. Crawford, Judge.

This action is one to recover upon a contract for drilling of a certain well by the plaintiff for the defendant. The contract between the parties with reference to the drilling of the well was a verbal one. Plaintiff claimed that on or about the 23d day of May, 1916, they entered into a certain verbal contract with the defendant whereby they were to receive as compensation for drilling said well the sum of 25 cents for each lineal foot which plaintiffs drilled in securing a certain artesian well. They claimed to have drilled to the depth of 891 feet and secured

a supply of water which defendant agreed to accept and which it is alleged was ample in quantity to constitute a fulfilment of the contract.

The defendant claims the contract was that Hubert, one of the plaintiffs, agreed with the defendant to drill a well for the defendant on his premises, that it was expressly understood and agreed that plaintiff would secure for the defendant on his premises a flowing well and one with which it would not be necessary to use any power for the purpose of pumping the water to the surface, and in the event a flowing well were secured the defendant was to pay the plaintiff at the rate of $1 per lineal foot, payment to be made 25 cents per lineal foot in cash upon the securing and completing of a flowing well and 75 cents per lineal foot to be paid in horses to be delivered by the defendant to the plaintiffs if the price of such horses could be agreed upon between the parties, and, in the event no agreement could be had thereon, the defendant to pay 65 cents per lineal foot.

Defendant further claims it was agreed that, in the event a flowing well was not secured by the plaintiffs, he was to pay nothing to the plaintiff. The defendant alleged that the plaintiff failed to procure a flowing well.

What the terms of the verbal contract actually were between the plaintiff and defendant was exclusively a question of fact for the jury. The jury returned a verdict for plaintiff for the sum of $242. Judgment was entered upon such verdict and for the costs, in all $285.25. The defendant perfected an appeal to this court from such judgment. The defendant sets forth four assignments of error,— three of which relate to the instructions given by the trial court to the jury, and one to the failure of the court to direct a verdict for the defendant upon an alleged motion for that purpose by the defendant.

We have examined carefully the instructions given and find no reversible error therein. The record discloses no motion for a directed verdict, hence this ground of error must fail.

In oral argument before this court, the attorney for the appellant in the effect conceded there was no merit to the assignments of error. The judgment appealed from is affirmed. The respondents are entitled to statutory costs on appeal.